**Dolin, Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

FILED
05 DEC 22 AM 10: 37
RECEIVED

MICHAEL A. TELESCA
United States District Judge
Western District of New York

October 3, 2005

**VIA HAND DELIVERY**

Honorable Michael A. Telesca
United States District Court
Western District of New York
100 State Street
Rochester, New York 14614

Re:  Glewwe, et al v. The Eastman Kodak Company, Civil Action No. 05-cv-06462
Luciano, et al v. The Eastman Kodak Company, Civil Action No. 05-cv-06463
Letouzel, et al v. The Eastman Kodak Company, Civil Action No. 05-cv-06464

Dear Judge Telesca:

We are in receipt of the Court's approval of the defendants' request for a 30-day extension to answer the complaints in the above-referenced matters.

We respectfully request a corresponding toll on the statute of limitations in these actions.

All three actions allege class-wide violations of the Fair Labor Standards Act ("FLSA"). Unlike virtually every other federal statue, even with class-wide allegations, the statue of limitations continues to run in an FLSA action until a plaintiff affirmatively "opts-in" the action.

Every day that passes means both that all individuals lose recovery for lost wages, and that some plaintiffs will be barred from recovery altogether. Courts treat this problem with the utmost seriousness. As then-District, now Circuit, Judge Sotomayor explained, expedited proceedings in FLSA cases are vital because the employees' claims continue to "die daily" until the plaintiff opts into the action. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997). Even a 30-day extension is significant given the FLSA's two- or three-year statute of limitations, particularly considering that even once the extension is over, it will take time to provide notice to the plaintiffs.

In this case, plaintiff's counsel had no objection to granting any extension requested by the defendant, provided the purpose of the extension was not to bar recovery by plaintiffs. Plaintiffs' counsel therefore offered to grant the extension, provided the defendant tolled the statute of limitations during the extension.

693 East Avenue, Rochester, New York 14607  tel: 585.272.0540  fax: 585.272.0574
nthomas@theemploymentattorneys.com • www.theemploymentattorneys.com

Tellingly, the defendant stated it opposed any toll and approached this Court for an extension. (In my experience this position is aggressive and unusual. I cannot remember an FLSA matter in which a defendant has requested an extension to answer a complaint but was unwilling to correspondingly toll the statute of limitations.)

Regardless of defendant's position, when the defendant delays the prosecution of a FLSA matter, this Court is permitted to grant an equitable toll on the statute of limitations to prevent the delay from harming the plaintiffs' rights. *Reich v. Southern New England Telecommunications Corp.*, 892 F.Supp. 389, 404 (D. Conn. 1995) (defendants "should not be allowed to benefit from its delay[]") *aff'd* 121 F.3d 58 (2d Cir. 1997); *see also Myers v. Copper Cellar Corp.*, 1996 WL 766505 (E.D. Tenn. 1996).

There is no harm in the extension if its only purpose is to provide defense counsel more time to investigate the claims. However, by refusing to toll the statue of limitations, the defendant betrayed its other motive: to cut off the claims of the plaintiffs.

Therefore, the plaintiffs respectfully request that the statute of limitations in these matters be tolled until such time as defendant provides an answer to the complaints so as to protect the rights of all the parties in these actions. If this request meets with your approval, a So Ordered line has been provided below.

Thank you for your courtesies in this matter.

Respectfully submitted,

J. Nelson Thomas

JNT/smt
cc: Peter Walker, Esq. (via electronic mail)

REQUEST DENIED
**SO ORDERED**

Honorable Michael A. Telesca
United States District Court Judge
Dated: ~~October~~ 22, 2005
DEC