UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA LETOUZEL,
on behalf of herself and all others similarly
situated,

                    Plaintiff,

                                              05-CV-6464T

              v.                              **DECISION
                                              and ORDER**

THE EASTMAN KODAK COMPANY,

                    Defendant.
_____   _____

## INTRODUCTION

     Plaintiff Linda LeTouzel, ("LeTouzel") brings this action for

declaratory relief and monetary damages on behalf of herself and

all others similarly situated, alleging that the defendant Eastman

Kodak Company ("Kodak") violated her rights under the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

("FLSA"), New York State labor law, the labor and wage laws of

several states other than New York State, and breached several

employment contracts.

     Kodak moves to dismiss and strike portions of the Complaint,

and to strike portions of the Complaint.  Although Kodak does not

move to dismiss plaintiff's federal collective action claim under

the FLSA, defendant seeks to dismiss plaintiff's state labor and

wage law class-action claims on grounds that plaintiff lacks

standing to bring such claims, and that the proposed class is

invalid pursuant to Rule 23 of the Federal Rules of Civil Procedure

for failure to meet the critical requirement that the class share questions of fact and law common to the members of the class. Defendant further contends that the plaintiff, who was fired for having allegedly engaged in discriminatory behavior, does not have claims that are typical of the claims of the proposed class.  Kodak also urges the court to decline any exercise of supplemental jurisdiction over plaintiff's state law claims, and dismiss those claims for lack of jurisdiction.  In support of this contention, Kodak argues that the state claims, which are brought pursuant to the laws of 51 states and territories, would predominate over the federal claim, and would create unmanageable complexity. Kodak further moves to dismiss those portions of the Complaint seeking injunctive relief on grounds that plaintiff is not entitled to such relief as a matter of law. Additionally, defendant moves to strike the plaintiff's proposed class certification form titled "Consent to Become a Party Plaintiff" pursuant to Rule 12(f) because it is substantively inaccurate.

    For the reasons set forth below, I grant defendant's motion to dismiss plaintiff's state law claims on grounds that plaintiff has failed to satisfy the requirements for a class action lawsuit as set forth in Rule 23 of the Federal Rules of Civil Procedure. Specifically, I find that there is a lack of commonality of factual and legal issues among the  proposed class.  Moreover, I find that if the plaintiff's state claims were allowed to proceed, those

claims would predominate over the federal claim and would render the action unduly complicated and unmanageable.   Therefore, I decline to exercise supplemental jurisdiction over those claims. Finally, I grant defendant's motion to dismiss plaintiff's claims for injunctive relief, and deny as premature defendant's motion to strike the plaintiff's proposed "opt-in" form.

<u>BACKGROUND</u>

Plaintiff was hired by Kodak on October 1, 1981. She was employed in Kodak's Rochester, New York location in a Customer Service/Support Position in the CIG Worldwide Service and Support, Service Marketing organization.   Kodak terminated plaintiff's employment for cause on June 21, 2004 after an internal investigation found that plaintiff, a Caucasian employee, had placed a hand-written note on the chair of an African-American co-worker that read: "We Know How to Control Niggers Here." Two independent handwriting experts concluded that plaintiff had written the note.  Plaintiff denies the accusations.  After Kodak terminated the plaintiff's employment, she filed a charge with the New York State Division of Human Rights alleging race discrimination. That matter is still pending.

On September 7, 2005, plaintiff filed this Complaint against Kodak alleging that Kodak failed to pay her overtime in compliance with the FLSA.  Plaintiff sues on behalf of herself and all others similarly situated under § 216(b) of the Act. Plaintiff also

maintains that her New York Labor Law claim, her other state wage law claims, and breach of contract claims may be prosecuted as Rule 23 class actions. Plaintiff alleges that the class is comprised of in-state and out-of-state Kodak employees not covered within the scope of the class certified in <u>Robinson v. Kodak</u>, 02-CV-6204. Furthermore, plaintiff alleges violations of the wage laws of 34 states as well as those of Washington, D.C. and Puerto Rico, and claims of breach of contract under the common law of 51 jurisdictions. On November 2, 2005, defendant Kodak moved to dismiss several claims alleged in the Complaint. Plaintiff opposes the motions.

<u>DISCUSSION</u>

I.   <u>The State Law Claims</u>

Kodak maintains that the dismissal of plaintiff's state law claims is warranted because the plaintiff lacks standing to pursue those claims, and that the proposed class does not meet the requirements for a viable class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Kodak further argues that even if the plaintiff could maintain a class action pursuant to her state law claims, the court should decline to exercise jurisdiction over those claims.

A.   <u>Plaintiff's proposed class fails to satisfy the requirements for a class action pursuant to Rule 23.</u>

Although plaintiff has not yet moved for class certification, courts may decide the issue of certification based on a review of

the complaint prior to a party's motion to certify the proposed class. <u>Reinsich v. New York Stock Exch.</u>, 52 F.R.D. 561, 564 (S.D.N.Y. 1971); <u>Miller v. Motorola, Inc.</u>, 76 F.R.D. 516 (N.D. Ill. 1977). In fact, Rule 23 (c)(1) encourages courts to "at an early practicable time-determine by order whether to certify the action as a class action." Fed.R.Civ.P. 23(c)(1).

Under Rule 23(a), one or more members of a class may sue or be sued as representative parties of the class **only if**:

> (1)   the class is so numerous that joinder of all members if impracticable,
> (2)   there are questions of law or fact common to the class,
> (3)   the claims or defenses of the representative parties are typical of the claims and defenses of the class, **and**
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a), emphasis added. The four requirements set forth above are commonly referred to as the "numerosity," "commonality," "typicality" and "adequacy" requirements.

In this case, the plaintiff's state law claims fail to meet the commonality requirement of Rule 23(a)(2). The state wage claims lack commonality because they are being brought under 36 separate wage laws, each with its own peculiar requirements and defenses. Similarly, the breach of contract claims are being brought pursuant to the laws of 51 jurisdictions. Because adjudication of these claims would require the interpretation and application of several different laws of several different states

and territories, I find that plaintiff has failed to establish that the state wage and contract claims of the purported class are common among the class.  See <u>Kaczmarek v. IBM</u>, 186 F.R.D. 307, 312-313 (S.D.N.Y. 1999) ("The prospect of determining the law of all fifty states and then applying the materially different laws that exist...would make this class action too complicated and unmanageable.")

Morever, I find that even if the plaintiff could establish commonality, the plaintiff cannot satisfy any of the requirements of Rule 23 (b), and therefore, cannot maintain the state claims of this action as a class action.  Rule 23(b) of the Federal Rules of Civil Procedure provides that in addition to meeting all of the factors set forth in Rule 23(a), a plaintiff seeking to maintain a class action must establish:

> (1)  the prosecution of separate actions by or against individual members of the class would create a risk of
>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2)  the party opposing the class has acted or refused to act on grounds generally applicable the class, thereby making appropriate final injunctive relief

or corresponding declaratory relief with respect to
the class as a whole; or

(3)   the court finds that the questions of law or fact
common to the members of the class predominate over
any questions affecting only individual members, and
that a class action is superior to other available
methods for the fair and efficient adjudication of
the controversy. . . .

Initially, I note that Rule 23(b)(2) does not apply in this
case.  Rule 23(b)(2) "was never intended to cover causes...where
the primary claim is for damages . . . ." Eisen v. Carlisle &
Jacquelin, 391 F.2d 555, 564 (2d Cir. 1968), rev'd on other grounds
479 F.2d 1005 (2d Cir. 1973).  Rather, Rule 23(b)(2) "is only
applicable when the relief sought is exclusively and predominately
injunctive." Eisen, 391 F.2d at 564.  Here, plaintiff's primary
goal is an award of damages, and therefore Rule 23(b)(2) is not
applicable to this matter.

With respect to Rule 23(b)(3), I find that common issues of
law or fact do not predominate over the individual issues
applicable to the purported class members.  As set forth above, the
employees at issue were employed in several different states at
several different locations subject to different terms and
conditions, and different state laws.  Different remedies are
available in each state, and the methods of overtime calculation
vary from state to state.  Because the issues common to the
purported class members are actually subordinate to the issues
unique to each of the individual members, I find that plaintiff has

failed to establish a basis for a class action pursuant to Rule 23(b)(3).

Finally, I find that plaintiff has failed to establish that there is a substantial risk of inconsistent adjudications that would require Kodak to adopt incompatible standards of conduct, or that adjudications with respect to some members of the proposed class would prevent other members from fully or fairly litigating their individual state law claims. The adjudication of claims in one jurisdiction pursuant to that jurisdiction's laws will have no preclusive effect on the rights of other employees in other jurisdictions to prosecute their own claims, either individually or as members of a class defined under that jurisdiction's laws and rules. Accordingly, I find that plaintiff has failed to establish that a class action in this case is necessary to avoid inconsistent results.

Based on the foregoing analysis, I find that even if plaintiff could satisfy Rule 23(a), she cannot meet *any* requirement of Rule 23(b). Accordingly, because plaintiff's allegations fail to satisfy the requirements of a class action lawsuit under Rule 23, I grant defendant's motion to dismiss plaintiff's state law wage and contract claims.

B. <u>The State Law Claims-Supplemental Jurisdiction</u>

Kodak maintains that this Court should decline to exercise supplemental jurisdiction over the state law claims and should dismiss those claims for lack of jurisdiction.

A court may exercise supplemental jurisdiction over a state claim when the state and federal claims "derive from a common nucleus of operative fact." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1996). 28 U.S.C. § 1367(c) provides that a court can in its discretion decline to exercise supplemental jurisdiction if:

> 1) the claim raises novel or complex issues of State law;
> 2) the [state] claim substantially predominates over the [federal] claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

When deciding whether or not to accept supplemental jurisdiction over ancillary claims, courts consider whether, *inter alia* "judicial economy, convenience and fairness to litigants" favor hearing the state and federal claims together. <u>United Mine Workers</u>, 383 U.S. at 726.

In this case, the plaintiff's claims stem almost exclusively from Kodak's alleged failure to pay overtime to the plaintiff in violation of federal and state laws. However, considering the number of state laws involved (36 jurisdictions' wage laws and 51

jurisdictions' breach of contract laws), it is clear that the state claims would present complex issues of state law that would substantially predominate over the FLSA claim.  Such a diverse undertaking deserves the individualized analysis and attention that each state court would provide.  Therefore, this court, in the exercise of its discretion, declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(1) and 28 U.S.C. 1367(c)(2) over the state law wage and contract claims because those claims raise complex, diverse issues of state law that will substantially predominate over the FLSA claim. Therefore, pursuant to Rule 12(c), Kodak's motion to dismiss the state law claims is granted.

II.   <u>Injunctive Relief</u>

Kodak maintains that plaintiff's request for injunctive relief, specifically a preliminary and permanent order restraining Kodak from engaging in any pay violations, should be dismissed because individual injunctive relief is not available under the FLSA and it is not an appropriate for this Court to decide injunctive relief under the state law claims.

It is well settled that the FLSA does not give a private individual the right to obtain an injunction, but gives this right only to the Secretary of Labor. <u>Mulverhill v. New York</u>, No. 91-cv-1282, 1997 U.S. Dist. LEXIS 10109, at * 24-25 (N.D.N.Y. July 11, 1997).  The availability of injunctive relief under state law is

unsettled under New York law, and therefore the question most appropriately should be resolved by New York State courts. With respect to plaintiff's state law claims for injunctive relief pursuant to the wage laws of states other than New York, I decline to exercise supplemental jurisdiction over those claims. Accordingly, I grant defendant's motion to dismiss plaintiff's claims for injunctive relief.

III. <u>Plaintiff's Consent Form</u>

Kodak maintains that plaintiff's opt-in forms are improper and that the forms should be dismissed pursuant to Rule 12(f) because it uses the language of "named plaintiff" instead of "representative plaintiff." I find analysis of the "opt-in" form to be premature at this time, as no class action has been certified, and accordingly I deny defendant's motion to strike or dismiss the opt-in form.

<u>CONCLUSION</u>

For the reasons set forth above: 1)defendant's motion to dismiss the state class allegations is granted; 2) defendant's motion to dismiss the state law claims with the exception of plaintiff's claims under New York law is granted; and 3)defendant's motion to dismiss plaintiff's claim for injunctive relief is granted. The Court deny's defendant's motion to strike or dismiss the "opt-in" form. While plaintiff's collective action claims

under the FLSA and her individual claims under New York law remain

pending, all other claims are dismissed.


       ALL OF THE ABOVE IS SO ORDERED.


                              S/Michael A. Telesca
                              MICHAEL A. TELESCA
                           United States District Judge

Dated:    Rochester, New York
          May 25, 2006